Lyons v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-164-CR

     MICHAEL DeWAYNE LYONS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 177th District Court
Harris County, Texas
Trial Court # 596,731
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Lyons from his conviction for aggravated robbery (enhanced
by one prior felony conviction) for which he was assessed confinement for life in the Institutional
Division of the Texas Department of Criminal Justice.
      On April 29, 1991, Joseph Forte drove his Lincoln to the apartment complex of one of his
employees. Forte was standing outside the employee's apartment speaking with the next-door
neighbor when he felt a gun barrel in the back of his neck. The robber, later identified as
Appellant, frisked Forte and took his wallet, keys and watch. Appellant then ordered Forte to lay
on his belly and told him he was going to kill him. Forte looked straight into Appellant's
eyes—there was a noise and Appellant turned and looked—and Forte ran behind a van parked
nearby. Appellant then got into Forte's Lincoln and drove it away. Forte caused the police to be
called. The following day Appellant was spotted by the police in the Lincoln, and after a high-speed chase was apprehended. Forte identified Appellant from a lineup and also at trial. As
noted, Appellant was convicted and assessed a life sentence. 
      Appellant appeals on two points of error. Point one asserts that the trial court erred in
permitting the State to bolster Forte's unimpeached testimony by presenting testimony of a police
officer to demonstrate that the complainant identified Appellant in a lineup. As noted, Forte
positively identified Appellant at a lineup at the police station and again at trial.
      At trial, police officer Rivera was permitted to testify, over objection, that Forte came to a
lineup, where the officer presided, and identified Appellant as the man who robbed him at
gunpoint. Appellant contends that Rivera's testimony was impermissible bolstering of Forte's
unimpeached testimony and requires reversal.
      Assuming, without deciding, that the admission of Officer Rivera's testimony was error, it
was certainly harmless and, beyond a reasonable doubt, made no contribution to Appellant's
conviction or to the punishment. Tex. R. App. P. 81(b)(2). Point one is overruled.
      Point two asserts that the jury clearly considered parole and its application to Appellant during
its deliberation on punishment. The jury was given the standard statutorily-mandated parole-law
instruction which included, "You are not to consider the extent to which good-conduct time may
be awarded to or forfeited by this particular defendant. You are not to consider the manner in
which the parole law may be applied to this particular defendant", and "You are not to discuss
among yourselves how long the accused would be required to serve the sentence that you impose. 
Such matters come within the exclusive jurisdiction of the Board of Pardons and Parole Division
of the Texas Department of Criminal Justice, and of the Governor of the State of Texas, and must
not be considered by you."
      During the punishment-phase deliberation, the jury sent the court a note saying, "We, the jury
would like this information: What was the length of the defendant's prison term? When was the
defendant released from prison?" The court responded in writing, "I am not permitted to answer
your questions." Such answer was approved in writing by both State counsel and defense counsel. 
Thereafter, the jury sent the court a note saying, "We, the jury would like the following
information: What is the difference between a life sentence and a 99-year sentence?" The court
responded in writing, "I am not permitted to answer this question." Such answer was approved
in writing by both State and defense counsel.
      Appellant contends the forgoing constitutes proof that the jury discussed how parole law will
be applied to him, and that the discussion of parole law is jury misconduct and deprives him of
a fair and impartial trial.
      The questions asked the court by the jury, and the court's response thereto, do not establish
that the jury considered parole and its application to Appellant during their deliberation on
punishment. Moreover, counsel for Appellant did not object at trial, based on the questions, to
the continued deliberation of the jury, did not file a motion for a new trial, request a hearing
thereon, or develop evidence to support his allegation of jury misconduct.
      There is no affirmative evidence in the record that the jury considered parole and its
application to Appellant and nothing is preserved for review. Point two is overruled.
      The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish